CRONE, Judge,
dissenting.
I respectfully disagree with the majority’s conclusion that the scope of Officer Greathouse’s inventory search of Rhodes’s vehicle was unreasonable. I believe that the majority unduly emphasizes what the record does not show about IMPD’s inventory search procedure instead of what the record "does show.
At the suppression hearing, the prosecutor asked the officer to give “a quick overview” on .IMPD’s policy “on impounding and inventorying vehiclés[.]” Tr. at 12. ' The following exchange occurred:
A[.] Okay. For an impounded vehicle, we will search the passenger compartment area as well as the glove box if it’s unlocked and the trunk if it’s unlocked.[8]
Q[.] Why'do you do this? ■
A[.] Just to make sure no valuables are left inside the vehicle-before it’s towed.
Q[.] Okay. If there are valuable items in the vehicle, what do you do with them?
A[.] We’ll document what they are. If they’re very valuable items, we may take them and put them in the IMPD property room to be held for safe keeping.
*385 Q[.] Did you find any valuable items in this vehicle?
A[J No.
Id. at 13.[9]
Like the officers’ testimony in Wilford, Officer Greathouse’s testimony “described the purpose of the inventory, outlined the procedures used to conduct this particular inventory, and established that IMPD policy authorizes on-site inventory searches.” 31 N.E.3d at 1033. Thus, as in Wilford, “[e]ven absent introduction of the formal IMPD policy on inventory searches, [I] think this testimony was sufficient to show that the search was part of established and routine procedures that are consistent with the community care-taking function.” Id. Also, as in Wilford, “this record does not contain indicia of pretext for ‘general - rummaging’ through the car to find incriminating evidence^,]” in that Rhodes “was already under arrest for driving while suspended when Officer [Greathouse] decided to impound the car” and the officer ‘‘followed the described procedure when he conducted the search.” Id.
Moreover, I think that Officer Greathouse’s decision to impound Rhodes’s vehicle was reasonable under the circumstances, given that the car was parked in the “driveway of a private residence” and someone in the residence wanted “to make sure that the car was not going to be left in the driveway.” Tr. at 15, 11. Therefore, I would uphold the search under both thé state and federal constitutions and affirm Rhodes’s conviction for class D felony marijuana possession.

. Unlike the majority, I do not believe that this description of IMPD’s inventory search procedure differs significantly from that of the more detailed description in Wilford.

. Rhodes complains about Officer Great-house's failure'to document the jar of money found in his vehicle, but’there is no indication that it was of significant value.